JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY GRAVES, | ) | Case No. CV 11-2035 SVW(MRW) |
| | ) | |
| Petitioner, | ) | ORDER AND JUDGMENT DENYING |
| | ) | PETITION |
| v. | ) | |
| | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**I.   INTRODUCTION**[1]

Petitioner filed a habeas petition ("Petition") in this Court under 28 U.S.C. § 2241 on March 9, 2011. The prosecution intended to pursue criminal charges against Petitioner on remand from the state appellate courts, and Petitioner seeks a writ of habeas corpus to prevent retrial of the case. The sole ground in the petition is that "retrial following a judgment of acquittal after the swearing of the jury violate[s] the Fifth Amendment's Double Jeopardy bar."[2] (Petition

_____

[1] Portions of the discussion in this Order are adopted from the Report and Recommendation of the United States Magistrate Judge. However, because the Court's analysis diverges in some limited respects, the Court issues a separate order for clarity.

[2] This Court previously denied a motion to dismiss the federal habeas action. In connection with those proceedings, counsel explained to

at 5).

II. **FACTS AND PROCEDURAL BACKGROUND**

    A. **State Trial Court Proceedings**

    Petitioner was charged in state superior court with misdemeanor battery offenses related to a domestic violence incident involving Petitioner's girlfriend and her mother. (Lodgment #6 at 1). When the case was called for trial, the complaining victims did not appear in court. (Id. # 3 at 2). The prosecution asked for a continuance of the trial to locate those individuals. (Id. # 3 at 1-3; # 5 at 1-6, 17). The prosecution believed that it was entitled to that continuance under a grace period contained in California's speedy trial statute. (Id.). The prosecution informed the trial court that it had no witnesses to present at trial. (Id. #5 at 17).

    The defense opposed the requested continuance or any pretrial dismissal of the charges. (Id. #3 at 3; #5 at 17). The court denied the prosecution's continuance request. (Id.). Instead, the judge selected a jury, swore the panel in, invited opening statements from the parties, and instructed the prosecution to put on its evidence. (Id. #5 at 7-18). Although physically present in the courtroom, the prosecutor did not participate in any of these proceedings. (Id.). The prosecutor gave no opening statement and called no witnesses to testify. (Id. # 5 at 15-17). The defense moved for a judgment of acquittal based on insufficient evidence to sustain a conviction.[3] (Id.

_____

the Court that the state criminal case will not proceed to trial during the pendency of this federal habeas action.

[3] "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses

# 5 at 17-18).  The trial judge granted the motion and entered a judgment of acquittal in favor of Petitioner, and then dismissed the case.  (Id.)

    **B.    State Appellate Proceedings**

    The prosecution appealed the adverse decision to the Appellate Division of the Superior Court.  (Id. #6 at 1).  A three-judge panel determined that jeopardy attached to Petitioner's case when the jury was sworn.  (Id. #6 at 7).  As such, his acquittal precluded the prosecution from seeking appellate review of the decision as a matter of state law.  (Id.).

    The California Court of Appeal reversed, determining that the trial court erroneously violated the prosecution's right to continue the trial.[4]  (Id. # 13 at 16-28).  The appellate court found that it was "well-established that a trial court cannot dismiss a case before the expiration" of certain time limits in the state speedy trial statute. (Id. at 17).  Under state supreme court precedent, it should have been "clear [that] the People are not required to show good cause in order to justify a continuance within the statutory period." (Id. at 16-17).

_____

charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right." Cal. Pen. Code § 1118.1 (Deering 2013).

[4] As to matters of state law, a federal court sitting in habeas review generally defers to a state court's statutory analysis of its procedural law. A federal court is "bound to accept a state court's interpretation of state law, except in the highly unusual case in which the interpretation is clearly untenable and amounts to a subterfuge to avoid federal review of a constitutional violation." Butler v. Curry, 528 F.3d 624, 642 (9th Cir. 2008)(quotation omitted).

3

1    The appellate court therefore vacated the judgment of acquittal
2    and dismissal of the case.  The court found that Petitioner's
3    proceedings were "only a sham trial" because Petitioner faced no real
4    risk of conviction. (Id. at 8).  The appellate court expressly
5    concluded that federal double jeopardy principles neither barred the
6    prosecution's original appeal nor a remand for a potential trial.[5]  (Id.
7    at 10-15, 30).  The California Supreme Court denied a subsequent
8    petition for review of the decision and ordered the appellate decision
9    to be depublished. (Id. # 15).

10   **III. DISCUSSION**

11       **A.   Standard of Review**

12       A habeas petition "raising a double jeopardy challenge to a
13   petitioner's pending retrial in state court is properly treated as a
14   petition filed pursuant to 28 U.S.C. § 2241." Wilson v. Belleque, 554
15   F.3d 816, 821 (9th Cir. 2009).  Such a petition "is not reviewed under
16   the deferential standards imposed by AEDPA." Id. at 828; Harrison v.
17   Gillespie, 640 F.3d 888, 897 (9th Cir. 2011) (en banc).  Rather, a
18   federal court must grant habeas relief if it concludes "on de novo
19   review that retrying him on [the] charges would violate the Double
20   Jeopardy Clause." Wilson, 554 F.3d 828.[6]

21       **B.   Relevant Federal Law**

22       The Double Jeopardy Clause of the Fifth Amendment of the U.S.

23

24   [5]  The main federal court authorities upon which the court relied were
25   United States v. Scott, 437 U.S. 82 (1978), and Gonzalez v. Justices
     of the Municipal Court of Boston, 382 F.3d 1 (1st Cir. 2004),
26   affirmed following remand, 420 F.3d 5 (1st Cir. 2005).

27   [6]  The Court previously determined that Petitioner meets the in-custody
     requirement of 28 U.S.C. § 2241 as a criminal defendant on pre-trial
28   release. (Dkt. 26 at 2).

Constitution protects a person from being "twice put in jeopardy of life or limb" for the same offense. Jeopardy attaches in a jury trial "when the jury is empaneled and sworn." United States v. Gaytan, 115 F.3d 737, 742 (9th Cir. 1997). However, "[t]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325 (1984); See Gonzalez v. Justices of the Municipal Court of Boston, 382 F.3d 1 (1st Cir. 2004), reinstated following remand, 420 F.3d 5 (1st Cir. 2005) ("[A] reviewing court must determine whether jeopardy attached in the original state proceeding. If it did, the court must then ask whether the state court terminated jeopardy in a way that prevents reprosecution."). Thus, the attachment of jeopardy "does not mean that another jury can never be empaneled for a retrial." United States v. Elliot, 463 F.3d 858, 864 (9th Cir. 2006).

Double jeopardy prohibits a person who has been acquitted from facing a second trial on the same charge. United States v. Scott, 437 U.S. 82, 96 (1978). An acquittal only occurs when a factfinder's decision at trial, "whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." United States v. Martin Linen Supply Co., 430 U.S. 564, 572 (1977); see United States v. Blanton, 476 F.3d 767, 770-71 (9th Cir. 2007) (holding that double jeopardy prohibited appeal by the government because the judge's ruling of acquittal was not "unrelated to factual guilt or innocence "). Further, the trial judge's characterization of his own action cannot control the classification. Scott, 437 U.S. at 96. Regardless of the label

describing the termination of a proceeding, "[c]ulpability (*i.e.*, the ultimate question of guilt or innocence) is the touchstone" used to determine whether it was an acquittal for the purposes of double jeopardy analysis, "not whether ... the determination of nonculpability was legally correct[.]" Evans v. Michigan,–––– U.S. ––––, ––––, 133 S.Ct. 1069, 1077-78 (2013)(internal citation omitted).

Courts have identified a variety of purposes for this constitutional protection.  The key consideration is that the state, "should not be allowed to make repeated attempts to convict an individual for an offense, thereby subjecting him to embarrassment, expense, and ordeal, and compelling him to live in a continuing state of anxiety and insecurity." Scott, 437 U.S. at 95 (quotation omitted). The state should not be able to "gain an advantage from what it learns at the first trial about the strengths of the defense case and the weaknesses of its own." United States v. DiFrancesco, 449 U.S. 117, 128 (1980).  At its core, the Double Jeopardy Clause "protects a man who has been acquitted from having to run the gauntlet a second time." Ashe v. Swenson, 397 U.S. 436, 446 (1970) (internal quotation omitted).

Based on the foregoing principles, the circumstances in which an exception to double jeopardy is found are narrow.  In Scott, for example, the defendant moved to dismiss a criminal charge during trial based on prejudgment delay in prosecution.  Scott, 437 U.S. at 84.  The government "was quite willing" to produce evidence of the defendant's conduct, but the court terminated the trial on that charge without "necessarily determin[ing] the criminal defendant's lack of criminal culpability." Id. at 97-98.  In such a circumstance, the midtrial dismissal – "whatever its label" – at defendant's request did not bar

1  appeal of the result or a subsequent retrial under the Double Jeopardy
2  Clause.  Id. at 97.

3       Similarly, in Gonzalez, a trial judge improperly ruled before
4  trial that the government would be precluded from presenting drug
5  testing evidence as a sanction for an alleged discovery violation.
6  Gonzalez, 382 F.3d at 3.  The prosecutor sought a continuance because
7  the government was not ready for trial.  Id. at 3.  Nevertheless, the
8  court conducted a bench trial at which the prosecution submitted no
9  evidence, the defense called the defendant's daughter (who had no
10 relevant knowledge), and the judge then entered a "not guilty" judgment
11 in defendant's favor.  Id. at 11.  On direct appeal, the state court
12 concluded that the trial judge's pretrial ruling was erroneous under
13 state law.  Id. at 4.  On habeas review, the First Circuit subsequently
14 concluded that the trial judge conducted a "sham trial" in which the
15 defendant "was never in actual danger of conviction."  Id. at 10.
16 Since "no facts of any relevance to the defendant's guilt or innocence
17 were presented," the court observed that "the trial court's 'finding'
18 had no basis in any assessment of the legal sufficiency of the facts
19 presented."  420 F.3d at 9.  As a result, the "ersatz acquittal" did
20 not prohibit retrial under the Double Jeopardy Clause.  382 F.3d at 11.

21      **C.  Analysis**

22      Assuming that jeopardy attached when the trial judge swore in the
23 jury,[7] the Court finds that jeopardy was not terminated by the state

---

24
25  [7] Here, it is unclear that jeopardy ever attached because there is
    evidence that the Judge empaneled the jury only to invoke jeopardy.
26  "Without risk of a determination of guilt, jeopardy does not attach,
    and neither an appeal nor further prosecution constitutes double
27  jeopardy."  Serfass v. United States, 420 U.S. 377, 391-92 (1975).
    The First Circuit in Gonzalez wrote that, in light of Serfass and
28  similar circuit precedent, "it is at least arguable" that jeopardy

1  court in a manner that invokes the protection of the Double Jeopardy
2  clause to prohibit retrial.

3      There is no straight-faced way to call the trial court's
4  dismissal of the case an "acquittal."  The factfinder reached its
5  decision after a skewed proceeding at which it considered no evidence
6  and knew that none would be presented.  The dismissal of the case did
7  not represent a "determin[ation] upon conflicting testimony that there
8  was at least reasonable doubt" regarding Petitioner's culpability.
9  Ashe, 397 U.S. at 446.  Rather, the trial court issued its ruling
10 entirely independently from a potential factual finding of guilt.
11 Blanton, 476 F.3d at 770-71.  Although state law calls this a judgment
12 of acquittal, that label is irrelevant to the federal double jeopardy
13 analysis.  In reality, the court's decision resolved none of the
14 factual elements of the offense charged.  Scott, 437 U.S. at 97.  Thus,
15 retrial of Petitioner is not barred by the Double Jeopardy Clause.

16     Furthermore, none of the key principles associated with double
17 jeopardy apply to Petitioner's situation.  First, Petitioner faces no
18 additional, unfair anxiety or stress from a second trial.  When the
19 case was originally called for trial, Petitioner knew he was at no risk
20 of being convicted as a result of the prosecution's empty witness list.
21 Moreover, Petitioner could not have developed an expectation that this

22

23 ─────────────
   did not attach when the trial judge, as fact-finder, "began to hear
24 evidence" from a witness for the sole purpose of trying to dismiss
   the matter with prejudice and therefore "the risk of a guilty finding
25 was, as a practical matter, non-existent." Gonzalez, 382 F.3d at 8-
   9.  Here, the Court finds that it is also "at least arguable" that
26 jeopardy did not attach when the jury was sworn in similarly for the
   sole purpose of trying to force jeopardy to attach to prevent
27 retrial.  (Lodgment # 5 at 9-10).  In any case, because the lack of a
   true acquittal is dispositive, the Court need not resolve whether
28 jeopardy actually attached.

particular jury panel would hear his case to conclusion.  The jurors acquired no familiarity with the facts or evidence in the case that would make it unfair for a future jury to hear the matter on the merits.  <u>See</u> <u>Weston v. Kernan</u>, 50 F.3d 633, 636 (9th Cir. 1995); <u>Crist v. Brest</u>, 437 U.S. 28, 36 (1978).  Second, the government gained no unfair advantage by presenting testimony to a jury as a "dry run" of how its evidence would fare.  The prosecution had no evidence to present, and clearly learned nothing from the proceeding that the court conducted.  Even under the "strictest scrutiny," the government engaged in no conduct that caused the phony trial to occur or terminate without a conviction.  That weighs against imposing the double jeopardy bar to retrial.  <u>See</u> <u>Arizona v. Washington</u>, 434 U.S. 497, 508 (1978).

The Court recognizes that the unique circumstances of the present situation do not fit easily into traditional double jeopardy analysis.  As the First Circuit persuasively stated in a similar context, Petitioner found "an opportunity to manufacture an artificial acquittal" and wishes to take advantage of a trial that occurred unlawfully.  <u>Gonzalez</u>, 382 F.3d at 11.  The trial court's pretrial error (described as "clear" by the reviewing state court) led to the early termination of the trial without any factual consideration of evidence of Petitioner's potential guilt.  Double jeopardy does not prevent a retrial to allow both parties to have their day in court.

//

//

//

//

//

**IV.    CONCLUSION**

        For the reasons given above, IT IS ORDERED and ADJUDGED that the
Petition is DENIED and this action is DISMISSED WITH PREJUDICE.


        IT IS SO ORDERED.


DATED: July 31, 2013

                                                STEPHEN V. WILSON

                                        UNITED STATES DISTRICT JUDGE